### DALBEATTIE STEAMSHIP CO., Limited, v. CARD.

(District Court, E. D. South Carolina. December 27, 1893.)

DAMAGES—BREACH OF CHARTER PARTY—OTHER EMPLOYMENT OF VESSEL.
  In awarding damages against a charterer for refusing a vessel, the net freight earned by obtaining another—less valuable—cargo is to be deducted from the sum which would have been earned under the charter. Watts v. Camors, 6 Sup. Ct. 91, 115 U. S. 353, followed.

In Admiralty. Libel by the Dalbeattie Steamship Company, Limited, against H. St. Julian Card, doing business as Henry Card, for breach of charter party. Decree for libelant. Hearing on master's report as to damages. Report recommitted.

Bryan & Bryan, for libelant.
J. N. Nathans, for respondent.

SIMONTON, District Judge. In this case, after full hearing, it was held that the charterer was responsible for a breach of the charter party. A master, having been instructed to inquire as to the damages incurred by the vessel, has made his report, awarding the net sum which the vessel would have earned if the contract of the charter party had been carried out.

There can be no doubt that the general rule is that a shipowner who is prevented from performing the voyage by a wrongful act of the charterer is prima facie entitled to the freight that he would have earned, less what it would have cost him to earn it. The Gazelle and Cargo, 128 U. S. 487, 9 Sup. Ct. 139. In that case a charter party had been entered into for the carriage of a cargo to a port in Norway. After the cargo was aboard, the master and the charterer differed as to the particular port to which the vessel should go. After much negotiation and discussion, an agreement became impossible, the cargo was discharged at the port of loading, and the voyage was broken up. The time spent in the discussion and negotiation was about the same as the voyage would have con-

sumed, and the expenses of the vessel in the port of loading were about the same as they would have been on the voyage. The circuit court held the charterer in fault, and, nothing being shown to take the case out of the general rule, it was enforced. We must inquire, therefore, whether any circumstances exist in this case which overcome this prima facies, and take it out of the general rule.

When a party is entitled to the benefit of a contract, and can save himself from a loss arising from a breach of 't at a trifling expense, or with reasonable exertions, it is his duty to do it; and he can charge the delinquent with such damage only as, with reasonable endeavors and expense, he could not prevent. Warren v. Stoddart, 105 U. S. 229. The rule of damages prevailing in this court is the actual loss sustained in the particular case, regard being had to all the circumstances attending it. The question we are discussing came before Judge Pardee in Watts v. Camors, 10 Fed. 148. In that case the action was for breach of charter party, one of whose covenants bound the parties to the performance thereof in the penal sum of the estimated amount of freight. After the breach of the charter party the vessel procured another cargo. The owners of the vessel demanded the stipulated sum fixed, or capable of being fixed, by the charter party. The charterers claimed the benefit of the profit received upon the cargo subsequently obtained by the ship, and the learned judge so held for respondents. The case went into the supreme court. Watts v. Camors, 115 U. S. 362, 6 Sup. Ct. 91. That court entered at large into the question. They assert the practice of the courts of the United States sitting in admiralty to award the damages actually suffered, whether they exceed or fall short of the amount of the penalty; and, applying their reasoning to the circumstances of that case, they decide that the circuit judge rightly held that the charterers were liable only for the amount of damages which their breach of the contract had actually caused to the owners of the ship. This conclusion is further emphasized. The charterers contended that as the ship was tendered on 11th September, and was refused the next day, it was the duty of the master at once to seek another cargo, and thus prevent any damage that might follow. Instead of this, she remained idle during the lay days. The supreme court, however, excused this delay because various negotiations were pending between the parties after the first refusal, during the whole period of the negotiations, and held the charterer liable. This decision controls this case. The charterer refused the vessel on 15th February. In a day or two afterwards she got another charter, but less valuable. She sailed from this port, earning the freight.

Let the report be recommitted to the special master, who will ascertain what was the net result of the freight earned by the Balbeattie on the cargo carried. Let this be deducted from the sum of £773. 2s. 4d., which would have been the net result of the charter party, had it been carried out, and let judgment be entered in favor of libelant for this difference and costs.